IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHILIP N. JAAX, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | |
| ) | No. 24-2395-KHV |
| STATE OF KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On August 30, 2024, plaintiff filed an amended complaint related to his arrest on January 1, 2024, against the State of Kansas and various individuals and entities. Plaintiff alleges violations of his constitutional rights under 42 U.S.C. § 1983 and violations of the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. See Amended Complaint And Request For Emergency Injunctive Relief (Doc. #10) filed October 3, 2024. This matter is before the Court on the Report And Recommendation For Dismissal Of Amended Complaint (Doc. #14) which Magistrate Judge Brooks G. Severson entered November 8, 2024. For reasons stated below, the Court adopts in part the magistrate judge's report and recommendation and dismisses plaintiff's amended complaint.

Plaintiff had 14 days—or until November 22, 2024—to file objections to the magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2); D. Kan. R. 72.1.4. Plaintiff has not objected.[1]  For this reason and for substantially the reasons stated in the magistrate

---

[1]  Plaintiff has registered to file documents electronically and to receive ECF notifications by email. He therefore received notice of the magistrate judge's Report And Recommendation For Dismissal Of Amended Complaint (Doc. #14) by email when the Clerk's Office filed it on November 8, 2024. The Clerk's Office sent plaintiff a copy of the magistrate judge's Report And Recommendation For Dismissal Of Amended Complaint (Doc. #14) by

(continued. . .)

judge's Report And Recommendation For Dismissal Of Amended Complaint (Doc. #14), the Court dismisses plaintiff's amended complaint for failure to state a claim on which relief can be granted.[2]  The Court overrules as moot plaintiff's request for injunctive relief.

**IT IS THEREFORE ORDERED** that the Report And Recommendation For Dismissal Of Amended Complaint (Doc. #14) which Magistrate Judge Brooks G. Severson entered November 8, 2024 is **ADOPTED in part.  The Court dismisses plaintiff's Amended Complaint And Request For Emergency Injunctive Relief (Doc. #10) filed October 3, 2024 for failure to state a claim on which relief can be granted.**

**IT IS FURTHER ORDERED** that plaintiff's Motion For Temporary Restraining Order And Injunction (Doc. #5) filed September 1, 2024 is **OVERRULED as moot**.

---

[1](. . .continued) certified mail to the address which plaintiff listed on both complaints and the civil cover sheet. See Complaint And Request For Injunction (Doc. #1) filed August 30, 2024, at 1, 6; Civil Cover Sheet (Doc. #2) filed August 30, 2024, at 1.  The U.S. Postal Service returned the mailing as undeliverable.  In any event, because plaintiff received electronic notice and he must notify the Clerk in writing of any change of address, he received adequate notice.  See D. Kan. Rule 5.1(c)(3).

[2]     The magistrate judge also recommended that the Court dismiss plaintiff's claims under the Rooker-Feldman doctrine for lack of subject matter jurisdiction.  The Rooker-Feldman doctrine prohibits a federal court from reviewing state-court judgments and claims that are inextricably intertwined with a state court judgment.  See Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983).  The Rooker-Feldman doctrine does not apply unless the state court has issued a final judgment.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (doctrine limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments").  Here, because plaintiff has not alleged that the state criminal proceedings against him have concluded, the Rooker-Feldman doctrine does not apply.  See Amended Complaint And Request For Emergency Injunctive Relief (Doc. #10) at 2 (alleging that state court judges continue to ignore his request for speedy trial); Motion For Temporary Restraining Order And Injunction (Doc. #5) filed September 1, 2024, at 2 (defendants' conduct is "ongoing"); Report And Recommendation For Dismissal Of Amended Complaint (Doc. #14) at 6 (amended complaint indicates that state court proceedings have not yet resolved).

Dated this 23rd day of December, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
